UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LISA PATE and SCOTT PATE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 3:12-cv-102-RLY-WGH |
| | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION, as Receiver for Integra Bank | ) | |
| Corporation and Integra Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT ON LIABILITY**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to an Order for Report and Recommendation on June 23, 2013.  (Docket No. 25).  Plaintiffs, Lisa Pate and Scott Pate, move for default judgment on liability against Defendant, Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Integra Bank Corporation and Integra Bank, N.A. ("Integra"), for failure to comply with the court's discovery order.  (Docket No. 17).  Plaintiffs also seek sanctions against FDIC for spoliation of evidence.  (Plaintiffs' Brief at 5-6).  A telephonic hearing was held before the Magistrate Judge on July 8, 2013.  The Magistrate Judge, being duly advised, recommends **DENYING** Plaintiffs' motion.

Plaintiffs claim that more than 22 months have elapsed since they served their discovery requests on Integra, yet neither Integra nor FDIC[1] has responded to their requests in any meaningful way.  As a result, Plaintiffs have not received any of the discovery materials they requested.  Moreover, Plaintiffs claim that FDIC has failed to comply with the Magistrate Judge's Order Granting, in part, [Plaintiffs'] Motion to Compel Discovery Responses ("Discovery Order").  (Docket No. 16).  Therefore, Plaintiffs argue, default judgment is the proportionate and appropriate sanction under Rule 37 of the Federal Rules of Civil Procedure.  *Collins v. Illinois*, 554 F.3d 693, 696; *Profile Gear Corp. v. Foundry Allied Indus., Inc.*, 937 F.2d 351, 352 (7th Cir. 1991).

Rule 37 authorizes default judgment for failure to comply with a discovery order.  FED. R. CIV. P. 37(b)(2)(A)(vi).  Nonetheless, it is considered a "draconian" sanction.  *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993); *see also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1983) ("default judgment is the most awesome weapon in the Rule 37 arsenal.").  A finding of "willfulness, bad faith or fault" is required when default judgment is entered under Rule 37.  *In re Golant,* 239 F.3d 931, 936 (7th Cir. 2001).

---

[1] On July 29, 2011, the Office of the Comptroller of the Currency appointed FDIC as Integra's receiver.  http://www.occ.gov/news-issuances/news-releases/2011/nr-occ-2011-101.html.

Given certain ambiguities in the Discovery Order (Docket No. 17), the court does not find that Defendant willfully failed to comply with that order. Default judgment is therefore not warranted. Specifically, the Magistrate Judge ordered production of items "not later than thirty (30) days before the close of discovery." (Docket # 16 ¶ 5). While a previous order vacated the June 24, 2013 trial date and reset the trial for October 15, 2013 (Docket No. 15), that order did not explicitly address a date for completion of discovery; a reasonable reading of the order might suggest that the discovery deadline would be moved commensurately closer to the trial date. This report and recommendation clarifies that FDIC must produce all items covered by the Discovery Order no later than August 31, 2013.

Plaintiffs also seek sanctions against FDIC for spoliation of evidence. Spoliation is defined as "[t]he intentional destruction, mutilation, alteration, or concealment of evidence, usually a document. If proved, spoliation may be used to establish that the evidence was unfavorable to the party responsible." *Cahoon v. Cummings,* 734 N.E. 2d. 535, 545 (Ind. 2000) (quoting *Black's Law Dictionary* 1709 (7th ed. 1999)).

Plaintiffs note that Integra knew of the existence of the claim no later than January 2009, when it received Lisa Pate's request to retain surveillance records. However, neither Integra nor FDIC has produced the surveillance video or any other relevant evidence from the date of the incident, despite its

3

duty to preserve such evidence. *See Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003). Plaintiffs claim that the only logical conclusion from these facts is that FDIC or Integra destroyed or concealed the evidence in bad faith to hide adverse evidence, and this is sufficient to warrant spoliation sanctions under the court's inherent powers. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008); *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998). FDIC states that there is no surveillance video from the date of the incident, so no evidence exists to support an adverse inference. Plaintiffs counter that this reasoning is circular and implausible, as evidence of spoliation would be solely in Defendant's possession, and it is not reasonable to take FDIC at its word that Integra did not have working video surveillance that day.

The Magistrate Judge concludes there are not enough facts to find spoliation at this time. Whether further discovery—limited to the issue of spoliation—will be allowed and whether an adverse inference jury instruction will be given at trial will be discussed at the settlement conference with the Magistrate Judge on August 12, 2013. The Magistrate Judge recommends **DENYING** Plaintiffs' motion for default judgment on the issue of liability, but would also recommend ordering FDIC to turn over all materials subject to the Discovery Order by August 31, 2013.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28

U.S.C. § 636(b)(1)(B). Any party shall have fourteen (14) days from the date of service to file written objections to such Report and Recommendation.

**SO RECOMMENDED** the 12th day of August, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served Electronically on all ECF-Registered Counsel of Record.**